No. 83-252

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANIES, an Illinois
Corporation,

        Plaintiff and Apellee,

    -vs-

RHONDA R. QUEEN, Defendant,

MARY LOU CLARK and DALE R. CLARK,

        Defendants and Appellants.

_____

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Appellants:

        Terry N. Trieweiler argued for the Clarks, Whitefish,
        Montana

    For Appellee:

        Richard Ranney argued for State Farm, Missoula,
        Montana

_____

              Submitted:  May 31, 1984

                Decided:  August 17, 1984

Filed: **AUG 17 1984**

_Ethel M. Harrison_
_____
            Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

By order dated March 31, 1983 the Ninth Circuit Court of Appeals certified four questions to this Court. Before setting forth the questions, a brief history of this case is necessary.

On August 5, 1979 appellant, Mary Lou Clark, while a passenger in an automobile owned by Mary Jane Foss, was injured in an automobile accident. She subsequently instituted an action against Rhonda R. Queen, the driver of the automobile in which she was a passenger.

At the time of the accident in question, State Farm Mutual Automobile Insurance Company (State Farm) insured Rhonda Queen through two liability insurance policies issued on automobiles other than the one involved in the accident. On June 2, 1980 State Farm filed a declaratory judgment action in the United States District Court for the District of Montana seeking to have the court declare that State Farm did not insure Rhonda Queen for the August 5, 1979 accident. It contended that Rhonda Queen was excluded from coverage while driving a non-owned vehicle. State Farm named as defendants Rhonda Queen, Mary Lou Clark and her husband Dale R. Clark. The Federal District Court ordered, pursuant to motion for summary judgment, that the policies excluded Rhonda Queen from coverage for the accident in question. From this order, defendants Mary Lou Clark and Dale Clark appealed. The following issues were thereafter certified to this Court by the Circuit Court of Appeals:

1. Must this policy be construed to provide coverage for Rhonda Queen while driving a non-owned automobile, on the ground that the policy is ambiguous as to whether Gary Queen, Rhonda Queen, or both, are the first-named insured?

2. Where the named insured are listed in the manner described above, is extrinsic evidence

2

admissible under the Montana Parol Evidence Rule to prove the intent of the parties regarding who is the first-named insured?

3. Was State Farm required under M.C.A. §§61-6-103(3), 61-6-136(1), 61-6-301 to provide non-owned automobile coverage to Rhonda Queen after she ceased to live in the same household with the first-named insured in the policy?

4. Must this policy be construed to provide coverage for Rhonda Queen while driving a non-owned automobile where the insurer has a policy or practice of listing the husband as first named insured and the wife second on its insurance policies, on the ground that such a practice constitutes discrimination based on sex in violation of the Montana statute pertaining to illegal discrimination, M.C.A. §49-2-101 et. seq., or other Montana law or policy?

Three members of this Court hold that the insurance policy in question contains an ambiguity which must be construed against the maker of the policy, thereby affording coverage for Rhonda Queen under the first certified question. However, we are not able to agree with a majority that coverage can be afforded under any single proposition. The fourth member of our majority concurs specially, holding there is coverage under issue 3. Thus we have four votes for coverage but no consensus on any one issue.

The policy in question affords coverage for the use of "non-owned automobiles" to "the first person named in the declaration". The policy declaration lists the following as insureds:

Queen, Gary
A. and Rhonda R.
Box 145
Rt. 2
Ronan, MT   59864

The insurer is responsible for the language which the policy contains. Whenever a contract of insurance is drawn so that it is fairly susceptible to two constructions, one favorable to the insured and the other favorable to the insurer, the one favorable to the insured will be adopted.

3

Park Saddle Horse Co. v. Royal Indemnity Co. (1927), 81 Mont. 99, 261 P. 880, 883-884.

There are several different ways that State Farm could have listed the persons in the declaration so that the first person listed would present no ambiguity. The names could have been listed as: Gary Queen, Rhonda Queen. Less clear but perhaps sufficient to avoid an ambiguity would be: Gary Queen and Rhonda Queen. Though the names are here coupled, Gary Queen's name does appear first. However, in the instant policy, the first-named is simply "Queen". Following the last name the names Gary and Rhonda are coupled. This would seem to indicate an intention on the part of State Farm to grant no preference to one of the individuals as a first-named insured entitled to coverage on non-owned automobiles.

One test for determining whether a policy is capable of more than one construction is whether different persons looking at the writing in light of its purpose cannot agree upon its meaning. Walker v. Fireman's Fund Insurance Company (1967), 268 F.Supp. 899, 901 -02. This case is a perfect illustration. The dissenters think the policy clearly shows Gary Queen as the first person named in the declaration. The three members of the Court signing this opinion think that the last name of the couple is the first name listed in the declaration and the first two names are coupled together making both parties first named in the declaration. We have seven Supreme Court Justices, who frequently review insurance policy language, closely divided in interpretation. What more need be said.

In conclusion, the declaration sheet of the insurance policy contains an ambiguity which must be construed against

the maker of the policy. We find there is coverage for
Rhonda Queen.

_[signature]_
Justice

We concur:

_____
Chief Justice

_[signature]_ John Conway Harrison

_____

_[signature]_ John C. Sheehy

_____

Justices

5

Mr. Chief Justice Frank I. Haswell, specially concurring:

I concur in the result. I would hold that the policy is not ambiguous as to Rhonda Queen not being the first person named in the declarations. However, I would hold that the public policy behind Montana's compulsory liability insurance law precludes enforcement of the exclusion of Rhonda Queen from coverage under the policy.

_____
Chief Justice

Mr. Justice Fred J. Weber dissents as follows:

I respectfully dissent from the opinion of Justice Morrison which concludes that the declaration sheet of the policy contains an ambiguity which must be construed against the maker of the policy.

As pointed out in that opinion, the policy affords coverage for the use of non-owned automobiles to "the first person named in the declaration." The policy listed the names: Queen, Gary A. and Rhonda R. The opinion suggests that had the names been listed as Gary Queen, Rhonda Queen, there would be no ambiguity; and points out that it would probably be sufficient if it said Gary Queen and Rhonda Queen. I am unable to make such distinctions. It seems that Gary A. Queen is clearly the first person named in the declaration of the policy. I would not distinguish between the following wording:

Gary A. Queen, Rhonda R. Queen;

Gary A. Queen and Rhonda R. Queen;

Gary A. and Rhonda R. Queen;

Queen, Gary A. and Rhonda R.

In each instance, it is clear that Gary A. Queen is the first person named in the declaration.

I conclude that for policy coverage purposes Gary A. Queen is the first person named in the declaration and there is no ambiguity. Therefore, under issue two no extrinsic evidence is admissible to show the intent regarding who is the first named insured.

Issue three was properly decided by the United States District Court when it pointed out that the policies in question were not certified as proof of financial responsibility under section 61-6-131 to 134, MCA. In the absence of such certification, there is no statutory

7

requirement to provide non-owned automobile coverage to Rhonda R. Queen after she ceased to live in the same household with the first person named in the declaration.

I agree with the conclusion of the District Court.

———————————————————
Justice

I join in the foregoing dissent.

———————————————————


Mr. Justice Daniel J. Shea dissents and will file a written dissent later.

8