No. 86-447

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

TAYLOR-McDONNELL CONSTRUCTION
COMPANY,

Plaintiff and Appellant,

-vs-

COMMERCIAL UNION INSURANCE COMPANIES;
and POWELL COUNTY MUSEUM AND ARTS
FOUNDATION,

Defendants and Respondents.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Poore, Roth & Robinson; Gary L. Walton, Butte, Montana

For Respondent:

Henningson & Purcell; Mark Vucurovich, (Commercial
Union), Butte, Montana
Towe, Ball, Enright & Mackey; Thomas Towe, (Powell
County Museum), Billings, Montana

Submitted on Briefs: Aug. 6, 1987

Decided: October 30, 1987

Filed: OCT 30 1987

Ethel M. Harrison

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


This appeal arises from an insurance policy dispute in Powell County, Montana. Commercial Union Insurance Co. (Commercial Union), refused to cover faulty workmanship done by appellant pursuant to an exclusion contained in appellant's Comprehensive General Liability (CGL) insurance policy. Appellant, Taylor-McDonnell, appeals from the judgment of the District Court granting defendants' motion for summary judgment.

We affirm.

The following issues are addressed on appeal:

1. Whether the District Court erred in determining that the insurance policy was not ambiguous as a matter of law.

2. Whether the District Court erred in determining that the insurance policy did not provide coverage for all claims brought by Powell County Museum and Arts Foundation.

Defendant, Powell County Museum and Arts Foundation (Museum), entered into a contract with Taylor-McDonnell for the construction of a roof on a building intended to be used as a museum. The museum was intended to house a collection of antique cars. When, in approximately two years, the roof began to leak, the museum filed an action against Taylor-McDonnell seeking damages for poor workmanship and materials, negligence, and breach of contract and guarantee.

The specific damages pertinent to this appeal contained in the museum's complaint are as follows:

d. Cost of materials for temporary roof crack, repair and flashing repair--$2,933.69.

e. Labor and patching roof cracks--$937.50.

f. Cost of replacing roof on antique car museum--$5,600.00.

g. Cost of replacing roof on old prison theatre--$13,390.00.

h. Interest on money borrowed to replace roof (12½ percent x $5,600.00)--$3,835.62 + 12½ percent from May 1, 1984.

Shortly after the complaint was filed a claims supervisor for Commercial Union, appellants insurer, wrote to McDonnell of Taylor-McDonnell to explain the contractors' coverage with respect to the museum's complaint. The insurance agent asserted that Taylor-McDonnell's CGL insurance policy did not cover the damages alleged in sections d-h of the museum's complaint pursuant to the policy's following provisions:

1. COVERAGE A - BODILY INJURY

COVERAGE B - PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of:

COVERAGE A - Bodily injury; or

COVERAGE B - Property Damage

To which this insurance applies caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, that the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgment or settlements.

EXCLUSIONS:

This insurance does not apply:

(n)  to property damage to the named
insured's products arising out of such
products or any part of such products:

(o)  to property damage to work performed by
or on behalf of the named insured arising out
of the work or any portion thereof, or out of
materials, parts or equipment furnished in
connection therewith:

Appellant had also purchased a broad form property damage policy which provided the Taylor-McDonnell Company with broader coverage than the CGL policy. However, this policy contained the following exclusion:

(z)  With respect to the completed operations
hazard and with respect to any classification
stated above as "including completed operations",
to property damage to work performed by the
named insured arising out of the work or any
portion thereof, or out of materials, parts or
equipment furnished in connection therewith.

Upon hearing Commercial Union's motion for summary judgment, the District Court ruled that as a matter of law, summary judgment should be entered in favor of Commercial Union. From this judgment, Taylor-McDonnell appeals.

Issue #1. Did the District Court err in determining that the insurance policy was not ambiguous as a matter of law?

Appellant argues that when read as a whole, the insurance policy at issue is ambiguous per se and consequently coverage should extend to all claims made against Taylor-McDonnell by the museum.

"An ambiguous provision in an insurance policy is construed against the insurance company." Bauer Ranch v. Mountain W. Farm Bur. Mut. Ins. (Mont. 1985), 695 P.2d 1301,

1309, 42 St.Rep. 255, 257. Strict construction in favor of the insured applies particularly to exclusionary clauses. Lindell v. Ruthford (1979), 183 Mont. 135, 140, 598 P.2d 616, 618. However, where an exclusionary clause is not ambiguous, it must be enforced unless against public policy. Brown v. United Pacific Ins. (Mont. 1986), 711 P.2d 1105, 1107. Whether or not a clause is ambiguous is a question of law for the court to resolve. See Baybutt Construction Corp. v. Commercial Union Ins. Co. (Me. 1983), 455 A.2d 914, 920. The District Court found that the exclusionary clauses at issue were not ambiguous, and granted summary judgment in favor of Commercial Union. We agree.

Appellants rely upon Commercial Union Ins. Co. v. Gollan (N.H. 1978), 394 A.2d 839 and Baybutt, 455 A.2d 914, in support of their contentions. In Gollan and Baybutt the New Hampshire and Maine Supreme Courts interpreted insurance contracts, with provisions very similar to those in the case at bar, as amgibuous.

The Gollan Court found the exlusions, when read as a whole, to be irreconcilable with each other. Consequently, the Gollan Court held Commercial Union liable for coverage of all of that plaintiff's claims.

The exclusion upon which the Gollan Court based its decision is substantially identical to exclusion (a) contained in Taylor-McDonnell's insurance policy.

Exclusion (a) reads:

> (a) To liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of a named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner; (Emphasis added.)

The Gollan Court read the exception to exclusion (a) as applicable to subsequent exclusions, including (n) and (o) (cited previously), and thereby found ambiguity. We disagree with this analysis and affirm the District Court's reliance upon Stillwater Condominium Ass. v. American Home Assurance Co. (D. Mont. 1981), 508 F.Supp. 1075, in finding no ambiguity as to Taylor-McDonnell's policy.

The exclusions at issue in Stillwater are identical to the present exclusions. Both the plaintiff in Stillwater and Taylor-McDonnell make the same argument with respect to exclusion (a) and the creation of an ambiguous contract. In Stillwater, the U.S. District Court in Butte acknowledged that in the absence of exclusions such as (n) and (o), exclusion (a) by itself would require coverage of all plaintiffs' claims. However, the Stillwater court, relying upon Weedo v. Stone-E-Brick, Inc. (N.J. 1979), 405 A.2d 788 and Haugan v. Home Indemnity Co. (S.D. 1972), 197 N.W.2d 18, held that these exclusions are unambiguous in eliminating coverage for repair or replacement of the insured's own faulty work. 508 F.Supp. at 1078-79.

The Stillwater decision specifically disagrees with the Gollan analysis concerning exclusion (a) granting coverage in spite of subsequent exclusions.

> The court will not glean the exclusions and apply exceptions where application is not meant or proper just to create an "ambiguity" . . . "[A]mbiguity" results only from a forced construction of the policy language.

508 F.Supp. at 1080.

Appellant contends that where justices cannot agree and jurisdictions differ as to meaning, intent or effect of language, the contract must be ambiguous per se. See e.g. State Farm Mutual Automobile Ins. Co's. v. Queen (Mont. 1984), 685 P.2d 935; and Federal Insurance Co. v. P.A.T.

Homes, Inc. (Ariz. 1976), 547 P.2d 1050. We disagree with appellant's argument but agree with the majority of jurisdictions which hold that this standard language found in the majority of comprehensive general liability coverage policies is unambiguous and all-inclusive. See Weedo, 405 A.2d 788.

> Our review of twenty years' worth of judicial treatment of the "business risk" exclusion demonstrates that, if nothing else, the underwriting policy sought to be articulated by clauses "n" and "o" has been widely recognized as a valid limitation upon standard, readily-available liability insurance coverage. Indeed, several courts have remarked in ruling upon the impact of these clauses that the terms used to convey the "business risk" exclusions are straight-forward and without ambiguity. (Citations omitted.)

Id. at 794. Exclusion (z) contained in Taylor-McDonnell's broader coverage policy effects the same limitations as exclusions (n) and (o).

Issue #2. Whether the District Court erred in determining that the insurance policy did not provide coverage for all claims brought by Powell County Museum and Arts Foundation.

In light of the foregoing discussion and determination that this policy is unambiguous, we hold that the District Court did not err in granting summary judgment to Commercial Union with respect to those claims made by the museum which are excluded from coverage by unambiguous policy language.

Affirmed on all issues.

_____
Justice

We Concur:

_____

- 7 -

_____

_____

_____
                Justices