922 F.2d 844
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Earl SEAMAN, Daniel K. Kanekoa, Individually and as Special
Administrator of the Estate of Daniel K. Kanekoa,
Jr., Deceased, and Christina Grey
Kanekoa, Bernice Seaman,
Defendants-Appellants.
 No. 89-16503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1990.*
Decided Jan. 10, 1991.
 Before SKOPIL, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Earl Seaman, Bernice Seaman, Daniel Kanekoa Sr. and Christina Grey Kanekoa (collectively "appellants"), appeal the district court's grant of summary judgment in favor of Allstate Insurance Company ("Allstate") in Allstate's diversity action rising out of Daniel Kanekoa Jr.'s ("Daniel") death in an automobile accident. Allstate provided Mr. and Mrs. Seaman ("the insured") with a homeowner's insurance policy. The district court held that Allstate need not defend the Seamans in the action for Daniel's death in light of the policy's motor vehicle exclusion clause. We affirm.
 
 BACKGROUND FACTS
 
 3
 At the time of the accident which caused his death, Daniel was in Montana with other members of his high school basketball team attending a basketball training camp operated by Mr. Seaman. During this period, the team lived, trained, worked, and practiced under Mr. Seaman's supervision.
 
 
 4
 On the day of Daniel's death, Mr. Seaman left Cliff Wilbur ("Wilbur"), a juvenile also attending the basketball camp, in charge of his Ford Bronco while Mr. Seaman was away from the residence. Daniel, without Wilbur's express permission, took the Bronco's keys from a hook located on the back of the residence door in order to deliver lunch to other boys working under Mr. Seaman's supervision. Daniel was not licensed to drive in any state. While Daniel was driving Mr. Seaman's car, he struck a tree and was killed.
 
 
 5
 Daniel's family filed a suit against Mr. and Mrs. Seaman in Hawaii state court alleging wrongful death, negligent supervision and emotional distress. Thereafter, Allstate filed an action in federal district court based on diversity jurisdiction and asked the court to find that Allstate had no obligation to defend the insured and that it was not liable to Daniel's family for any claims arising out of Daniel's accident pursuant to the homeowner's policy. Allstate then moved for summary judgment.
 
 
 6
 The disputed provision of the homeowner's policy that Allstate asserts precludes its liability states:
 
 Losses We Cover:
 
 7
 Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.
 
 
 8
 This general provision contained a motor vehicle exception:
 
 Losses We Do Not Cover:
 
 9
 5. We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motorized land vehicle or trailer ...
 
 
 10
 The district court held that Allstate's vehicle exclusion provision barred the negligent supervision claim. The court therefore granted Allstate's summary judgment motion, and appellants filed a timely notice of appeal.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 11
 The district court had jurisdiction under 28 U.S.C. Sec. 1332(a)(1). We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 12
 We review a district court's summary judgment grant de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We review de novo the district court's construction of the insurance policy's provisions. American States Ins. Co. v. Borbor by Borbor, 826 F.2d 888, 890 (9th Cir.1987).
 
 DISCUSSION
 
 13
 Appellants stress that the claim against the Seamans is based on negligent supervision, not negligent entrustment or use of the Ford Bronco. They further claim that it is irrelevant that Daniel happened to be using a motor vehicle at the time of his death; rather, the fundamental cause of his death was the negligent supervision of Daniel which led to his use of the vehicle.
 
 
 14
 Appellants' argument fails for two reasons. First, even under a negligent supervision theory, the vehicle exclusion clause precludes recovery. Second, the facts basically involve a claim for negligent entrustment of Mr. Seaman's Bronco which Allstate's homeowner's policy does not cover.
 
 
 15
 A. There can be no recovery under a negligent supervision theory
 
 
 16
 To establish a negligent supervision claim, the Kanekoa's must prove that Mr. Seaman negligently supervised Daniel and that the negligence proximately caused Daniel's death. See State Farm Fire & Cas. Co. v. Mann, 172 Ill.App.3d 86, 526 N.E.2d 389, 393 (1988). Moreover, the negligence must be non-automobile related, and separate and distinct from any allegations relating to the operation of the vehicle. See West Am. Ins. Co. v. Hinze, 843 F.2d 263, 268 (7th Cir.1988); United States Fidelity & Guar. Co. v. State Farm Mut. Auto. Ins. Co., 107 Ill.App.3d 190, 437 N.E.2d 663, 666 (1982). Thus, Mr. Seaman's negligence with respect to Daniel's injuries would have to exist independently of Daniel's use of the Bronco. That is not the case.
 
 
 17
 When the negligent supervision directly leads to the improper use of an automobile, the motor vehicle exclusion clause precludes recovery since the injury is not a result of the negligent supervision, but is a direct result of the use or entrustment of the automobile. The two claims cannot be separated. Fillmore v. Iowa Nat'l. Mut. Ins. Co., 344 N.W.2d 875, 880-81 (Minn.App.1984). A negligent supervision claim and a negligent entrustment claim merge, because under both theories the entrustor's negligence is not actionable in the absence of actual operation of the vehicle by the entrustee. See Bankert v. Threshermen's Mut. Ins. Co., 110 Wis.2d 469, 329 N.W.2d 150, 154 (1983). The entrustee's own acts are the cause in fact of the injury. Id. In Lahey v. Benjou, 759 P.2d 855 (Colo.Ct.App.1988), the court found no practical difference between a negligent entrustment and negligent supervision theory where the plaintiff alleged that the insureds' negligent supervision of their daughter caused the daughter's accident with the plaintiff. Id. at 857.[1]
 
 
 18
 Similarly, Daniel's injury is not a result of Mr. Seaman's negligent supervision, but is a direct result of Daniel's use of the Bronco. Daniel died because he operated the Bronco. There would have been no accident without Daniel's use of the Bronco. As long as Daniel's death arose out of use of the Bronco, an excluded instrumentality under the insurance policy, the exclusion prevails. See Allstate Ins. Co. v. Panzica, 162 Ill.App.3d 589, 515 N.E.2d 1299, 1302 (1987).
 
 
 19
 The authorities cited by appellants do not compel a different result. In West Am. Ins. Co. v. Hinze, 843 F.2d 263 (7th Cir.1988), for example, a three year old child died when his grandfather's car rolled into a lake, but it was the grandfather's failure to supervise, not the child's operation of the vehicle that caused the harm.
 
 
 20
 Similarly, in United States Fidelity & Guar. Co. v. State Farm Mut. Auto Ins. Co., 107 Ill.App.3d 190, 437 N.E.2d 663, 666 (1982), a four year old child was injured when she fell out of a vehicle. The court did not decide whether the claimants proved negligent supervision, but remanded the case to give the claimants the opportunity to prove that the claim was not vehicle related, and therefore not excluded under the policy.
 
 
 21
 In LeJeune v. Allstate Ins. Co., 365 So.2d 471, 479 (La.1978), injuries caused by a deputy sheriff's improper handling of a funeral cortege had nothing to do with his use of an automobile. Similarly, in Frazier v. State Farm Mut. Auto. Ins. Co., 347 So.2d 1275 (La.Ct.App.), cert. denied, 351 So.2d 165 (La.1977), the negligence of the defendants was predicated on their allowing a child to wander into the path of a car driven by another person. The injury was not related to their or the child's use of an automobile.
 
 
 22
 Finally, while Smith v. USAA Cas. Ins. Co., 532 So.2d 1171 (La.Ct.App.1988), offers some support to appellants' position, it too is readily distinguishable, for there children were operating off road vehicles in the virtual presences of the adults who were in charge of them.
 
 
 23
 We recognize that appellants assert that the complaint is based solely on a negligent supervision claim, and not on the operation of the automobile, but their bald assertion is not enough. Coverage does not turn on the legal theory under which liability is argued, but on the medium causing the injury--here, use of an automobile. Farmers Ins. Group v. Nelsen, 78 Or.App. 213, 715 P.2d 492, 494, rev. denied, 301 Or. 241, 720 P.2d 1280 (1986).
 
 
 24
 B. There can be no recovery because Daniel's death involved the negligent entrustment of the insured's vehicle.
 
 
 25
 As we have already suggested, negligent supervision in a case like this one is quite like negligent entrustment. However, we will take a brief separate look at entrustment itself.
 
 
 26
 Allstate's policy excluded coverage for "entrusting of any motorized land vehicle or trailer...." A cause of action for negligent entrustment generally requires: (1) an entrustment, and (2) that the negligence of the entrustee proximately caused the injury. Allstate Ins. Co. v. Panzica, 162 Ill.App.3d 589, 515 N.E.2d 1299, 1301 (1987). See also 57A Am.Jur.2d Sec. 331. While the person generally held liable for negligent entrustment owns the vehicle, such liability can be predicated on any other person with control over the use of the vehicle who negligently entrusts it to another whom he should know is incompetent. Bettis v. United States, 635 F.2d 1144, 1148 (5th Cir.1981) (applying Georgia law). See also 57A Am.Jur. Sec. 331. Therefore, Mr. Seaman need not have specifically entrusted his Bronco to Daniel; it is enough that Mr. Seaman engaged in a course of conduct that let an incompetent entrustee secure possession. See Denby v. Davis, 212 Va. 836, 188 S.E.2d 226, 229 (1972).
 
 
 27
 Here, the gravamen of the complaint is that Mr. Seaman negligently entrusted his Bronco to Daniel by leaving the keys to the Bronco in a readily accessible place and in the ostensible control of one of Daniel's peers. Albeit indirectly, Mr. Seaman entrusted the Bronco to Daniel. Indeed, it would be at least middling strange to hold that actual negligent entrustment of a car is excluded, but negligence which results in allowing the car to be impliedly entrusted is not excluded.
 
 
 28
 Of course, were Daniel a competent and non-negligent driver, entrustment could hardly be called negligence. We need not try to solve any conundrum that presents, for, negligent or not, the automobile was entrusted and liability for entrustment is excluded.
 
 C. Seaman's Ambiguity Argument
 
 29
 Even if jurisdictions disagree regarding policy interpretations, that does not mean that the language of an insurance policy which states that it excludes coverage, is ambiguous. See Taylor-McDonnell Constr. Co. v. Commercial Union Ins. Cos., 229 Mont. 34, 744 P.2d 892, 895 (1987); Bankert v. Threshermen's Mut. Ins. Co., 105 Wis.2d 438, 313 N.W.2d 854, 857 (App.1981), aff'd, 110 Wis.2d 469, 329 N.W.2d 150 (1983). It would only mean that courts have reached differing conclusions. The position of insurers would be precarious indeed if an adverse determination anywhere in this country rendered its policies ambiguous as a matter of law.
 
 
 30
 Allstate's policy explicitly excluded coverage for injuries arising out of the use or entrustment of a motor vehicle. This language clearly demonstrates the intent to exclude from coverage injuries associated with operation of the Bronco owned by the Seamans. See Standard Mut. Ins. Co. v. Bailey, 868 F.2d 893, 896 (7th Cir.1989). All insureds are charged with knowledge of the terms and conditions of their insurance policies. State Farm Fire & Cas. Co. v. Mann, 172 Ill.App.2d 86, 526 N.E.2d 389, 394 (1988).
 
 
 31
 Any suggestion that the Seamans thought that their homeowner's policy covered operation of the Bronco by Daniel stretches credulity to the breaking point. We, therefore, hold that the claim of the Kanekoa's against the Seaman's is unambiguously excluded from coverage under the policy.
 
 CONCLUSION
 
 32
 The events at the Seamans' basketball camp undoubtedly ended in a tragedy for Daniel and his family. We cannot help but sympathize with them. However, that sympathy should not lead us to misconstrue the contract between Allstate and the Seamans. We hold that where, as here, the asserted negligent supervision claim blends insensibly into negligent entrustment, and where it was the very operation of the Seaman's vehicle by Daniel that resulted in his death, the policy exclusion applies.
 
 
 33
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Of course, in most cases a third party is suing, so a further act of negligence by the operator of the automobile is required and is involved in the case