**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HIGH COUNTRY PAVING, INC.,

*Plaintiff-Appellee/ Cross-Appellant,*

v.

UNITED FIRE & CASUALTY COMPANY,

*Defendant-Appellant/ Cross-Appellee.*

Nos. 20-35791
20-35826

D.C. No.
9:18-cv-00163-DWM

ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF MONTANA

Filed September 24, 2021

Before: M. Margaret McKeown and Ronald M. Gould, Circuit Judges, and Jed S. Rakoff,[*] District Judge.

Order

---

   [*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Montana Insurance Law

The panel certified to the Supreme Court of Montana the following question:

> Whether, when an insurance policy does not include either a table of contents or a notice section of important provisions, in violation of Mont. Code Ann. § 33-15-337(2), the insurer may nonetheless rely on unambiguous exclusions or limitations to the policy's coverage, given that § 33-15-334(2) provides that § 33-15-337(2) is "not intended to increase the risk assumed under policies subject to" its requirements?

## ORDER

This case concerns an unresolved question of how to interpret Montana's Property and Casualty Insurance Policy Language Simplification Act ("PSA"), Mont. Code Ann. § 33-15-333 *et seq.*, where an insurer seeks to rely on exclusions or limitations to the insurance policy's coverage that are otherwise controlling, but the policy does not include either a table of contents or a notice section of important provisions and is thus in violation of Mont. Code Ann. § 33-15-337(2) as interpreted by the Montana Supreme Court in

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*Montana Petroleum Tank Release Compensation Board v. Crumleys, Inc.*, 174 P.3d 948 (Mont. 2008).

This central question of state law is determinative of these consolidated appeals, and we find no controlling precedent in the decisions of the Montana Supreme Court. Mont. R. App. P. 15(3). Thus, we respectfully certify this question of law to the Montana Supreme Court pursuant to Rule 15 of the Montana Rules of Appellate Procedure.

As a general matter, "[t]he task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). If the state's highest appellate court has not decided the question presented, then we must predict how the state's highest court would decide the question. *Id.*

However, if state law permits, we may exercise our discretion to certify a question to the state's highest court. *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). The Montana Supreme Court permits certification of questions of law from federal courts. Mont. R. App. P. 15(3).

"We invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). In deciding whether to exercise our discretion, we consider: (1) whether the question presents "important public policy ramifications" yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism." *Id.* at 1037–38.

This case presents important public policy ramifications for Montana that have not yet been resolved by the Montana Supreme Court. The interpretation of the PSA and its requirements for casualty insurance in Montana implicate important state policy concerns and are of broad application. Although the Montana Supreme Court has addressed the PSA before in *Crumleys*, the Montana Supreme Court has never addressed the issue of whether, when an insurance policy does not include either a table of contents or a notice section of important provisions, in violation of Mont. Code Ann. § 33-15-337(2), the insurer may rely on unambiguous exclusions or limitations to the policy's coverage, given that § 33-15-334(2) provides that § 33-15-337(2) is "not intended to increase the risk assumed under policies subject to" its requirements. Therefore, after considering these factors, and in the spirit of comity and federalism, we exercise our discretion to certify this question to the Montana Supreme Court.

Pursuant to Montana Rule of Appellate Procedure 15(6), we provide the following information for the consideration of the Montana Supreme Court.

1

We first provide the factual context of this dispute, along with the procedural history.

High Country Paving, Inc. purchased liability insurance from United Fire & Casualty Company, which included commercial auto liability coverage, commercial umbrella coverage, and commercial general liability ("CGL") coverage. *High Country Paving, Inc. v. United Fire & Cas. Co.*, No. CV 18-163-M-DWM, 2019 WL 2058727, at \*2 (D. Mont. May 9, 2019) ("*High Country II*"). In August 2016, a High Country employee was operating a company

truck and trailer. *Id.* The trailer detached and hit another vehicle, killing the driver and injuring a passenger. *Id.* In settlement of the resulting claims brought by the driver's estate and the passenger, United Fire paid the combined $3 million limits of the commercial auto and umbrella policy,[1] but denied coverage under the CGL policy based on two exclusions to the CGL Policy: the Aircraft, Auto or Watercraft ("AAW") exclusion, and the Multiple Liability Coverages Limitation ("MLCL") endorsement. *High Country Paving, Inc. v. United Fire & Cas. Co.*, No. CV 18-163-M-DWM, 2020 WL 42722, at **1, 3 (D. Mont. Jan. 3, 2020) ("*High Country III*"). United Fire argued that the injuries arose out of the use of a vehicle pulling a loaded equipment trailer, and thus arose out of the use of an "auto," precluding coverage under the CGL policy pursuant to the AAW exclusion. *Id.* at *3. Additionally, because coverage was provided under the commercial auto policy, United Fire argued that the CGL policy did not provide any coverage, pursuant to the MLCL endorsement. *Id.*

High Country sued United Fire in state court for breach of contract in denying coverage under the CGL policy, as well as common law bad faith and a claim under the Montana Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. § 33-18-101 *et seq*. United Fire removed the case to federal court on the basis of diversity jurisdiction. *See High Country*

---

[1] United Fire released these funds to settle the claims without first securing the consent of High Country to do so, an issue that was the basis for the other claims before the district court, under the Montana Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. § 33-18-101, *et seq.*, and common law bad faith, neither of which is at issue in this appeal. It was in relation to the UTPA claim that the district court previously certified a question in this case to the Montana Supreme Court. *See High Country Paving, Inc. v. United Fire & Cas. Co.*, 454 P.3d 1210 (Mont. 2019).

*Paving, Inc. v. United Fire & Cas. Co.*, 365 F. Supp. 3d 1093, 1096 (D. Mont. 2019). As relevant to these consolidated appeals regarding only the breach of contract claim, the district court considered two questions on cross motions for partial summary judgment: (1) whether the AAW exclusion and MLCL endorsement were ambiguous and should be construed in favor of coverage, and (2) whether both provisions were void and unenforceable as a matter of law because they failed to comply with the requirements of Montana's PSA as interpreted by the Montana Supreme Court in *Crumleys*. *High Country III*, 2020 WL 42722, at \*3. The district court decided that (1) the provisions were unambiguous and excluded coverage, but that (2) the provisions were unenforceable based on a plain reading of *Crumleys* because the provisions were not listed in a table of contents or notice section of important provisions. *Id.* A copy of the district court decision is attached.

United Fire appealed the district court's decision that the provisions were unenforceable; High Country cross-appealed the district court's ruling that the provisions were unambiguous and excluded coverage. United Fire moved to certify various questions related to its appeal to the Montana Supreme Court; High Country opposed the motion. Because of the importance of the state law question, and the challenges faced by lower courts in resolving the issue, we have elected to certify the issue to the Montana Supreme Court.

2

The Montana Supreme Court has not decided the question of whether, when an insurance policy does not include either a table of contents or a notice section of important provisions, in violation of Mont. Code Ann. § 33-

15-337(2), the insurer may rely on unambiguous exclusions or limitations to the policy's coverage, given that § 33-15-334(2) provides that § 33-15-337(2) is "not intended to increase the risk assumed under policies subject to" its requirements. The Montana Supreme Court has once before addressed the interpretation of one of the sections at issue, § 33-15-337(2), in *Crumleys*. The Montana Supreme Court has not however, in *Crumleys* or otherwise, addressed the other section at issue in this case, § 33-15-334(2). Lower federal courts have wrestled with this unresolved issue in applying Montana law in disputes over casualty insurance. *See, e.g.*, *State Farm Fire & Cas. Co. v. Ward*, No. CV 21-07-M-KLD, 2021 WL 2981594, at **3–6 (D. Mont. July 5, 2021); *Hatler v. Mountain West Farm Bureau Mut. Ins. Co.*, No. 20-cv-69-BMM, 2021 WL 2589729, at **4–6 (D. Mont. June 24, 2021); *Emps. Mut. Cas. Co. v. Hansen*, No. CV 19-114-TJC, 2021 WL 961775, at **8–9 (D. Mont. Mar. 15, 2021).

3

In light of the foregoing, we respectfully certify the following question to the Montana Supreme Court:

> Whether, when an insurance policy does not include either a table of contents or a notice section of important provisions, in violation of Mont. Code Ann. § 33-15-337(2), the insurer may nonetheless rely on unambiguous exclusions or limitations to the policy's coverage, given that § 33-15-334(2) provides that § 33-15-337(2) is "not intended to increase the risk assumed under policies subject to" its requirements?

We acknowledge that, as the receiving court, the Montana Supreme Court may reformulate the certified question. Mont. R. App. P. 15(6)(a)(iii).

The names and addresses of counsel for the parties, as required by Mont. R. App. P. 15(6)(a)(iv), are as follows:

> Robert K. Baldwin, Trent M. Gardner, and Jeffrey J. Tierney, Goetz, Baldwin & Geddes, P.C., 35 North Grand Avenue, P.O. Box 6580, Bozeman, MT 59771-6580, for Appellee High Country Paving, Inc.

> Jon T. Dyre, Crowley Fleck PLLP, P.O. Box 2529, Billings, MT 59103-2529, for Appellant United Fire & Casualty Co.

4

The Clerk shall forward a certified copy of this certification order, under official seal, to the Montana Supreme Court. The Clerk is also ordered to transmit to the Montana Supreme Court a copy of the Excerpts of Record filed in these appeals and, if requested by the Montana Supreme Court, provide all or part of the district court record not included in the Excerpts of Record. Mont. R. App. P. 15(5). The Clerk is further directed to forward a copy of the briefs filed by the parties.

Submission of these appeals for decision is vacated and deferred pending the Montana Supreme Court's final response to this certification order. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within fourteen days of the Montana Supreme Court's acceptance or rejection of certification, and again, if certification is

accepted, within fourteen days of the Montana Supreme Court's issuance of a decision.

**QUESTION CERTIFIED; PROCEEDINGS STAYED.**