NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 4 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HIGH COUNTRY PAVING, INC.,

Plaintiff-Appellee/
Cross-Appellant,

v.

UNITED FIRE & CASUALTY
COMPANY,

Defendant-Appellant/
Cross-Appellee.

Nos.  20-35791
    20-35826

D.C. No. 9:18-cv-00163-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted September 2, 2021
Submission Vacated September 24, 2021
Resubmitted May 2, 2022
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and RAKOFF,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

High Country Paving, Inc. ("High Country") and United Fire & Casualty Company ("United Fire") cross-appeal from a district court judgment in favor of High Country on its breach of contract claim in this long-running insurance dispute. The district court awarded summary judgment to High Country, holding that certain exclusions to High Country's insurance contract unambiguously foreclosed coverage, but that these exclusions were unenforceable under Montana law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, and we reverse. *See Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018).

We agree with the district court that the Aircraft, Auto or Watercraft exclusion unambiguously covers the facts of this case and forecloses coverage. It is immaterial whether this exclusion conflicts with the Mobile Equipment exclusion because, under Montana law, each exclusion must be read independently. *See Taylor-McDonnell Constr. Co. v. Com. Union Ins. Co.*, 744 P.2d 892, 894–95 (Mont. 1987) (citing with approval *Stillwater Condo. Ass'n v. Am. Home Assurance Co.*, 508 F. Supp. 1075, 1078–80 (D. Mont. 1981)).[1]

In addition, the Aircraft, Auto or Watercraft exclusion is enforceable, notwithstanding the insurance contract's failure to comply with Mont. Code Ann.

---

[1] Because the Aircraft, Auto or Watercraft exclusion applies and is unambiguous, we need not consider whether the Multiple Liability Coverages Limitation endorsement would also bar coverage.

§ 33-15-337(2). During this appeal, we certified the following question of first impression to the Montana Supreme Court:

> Whether, when an insurance policy does not include either a table of contents or a notice section of important provisions, in violation of Mont. Code Ann. § 33-15-337(2), the insurer may nonetheless rely on unambiguous exclusions or limitations to the policy's coverage, given that § 33-15-334(2) provides that § 33-15-337(2) is "not intended to increase the risk assumed under policies subject to" its requirements?

*High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 980 (9th Cir. 2021). The Montana Supreme Court accepted the question and answered in the affirmative, holding that the "plain language" of Mont. Code Ann. § 33-15-334(2) "allows an insurer to rely on unambiguous exclusions or limitations to a policy's coverage" where, as here, "invalidating such a provision would result in an increase of the risk assumed." *High Country Paving, Inc. v. United Fire & Cas. Co.*, __ P.3d __, 2022 MT 72, ¶ 16 (Mont. 2022). The Aircraft, Auto or Watercraft exclusion is therefore both unambiguous and enforceable.

**REVERSED.**